## MY OWN CO. v. JANSZEN GROCERY CO.

(Court of Appeals of District of Columbia. Submitted November 8, 1926. Decided December 6, 1926.)

### No. 1863.

Trade-marks and trade-names and unfair competition ⬳44—In opposition proceeding, opposer's prior use of trade-mark "My Own" on food products held established, and denial of registration warranted.

In proceeding for registration of trade-name "My Own" for food products, condiments, etc., prior use of such mark by opposer *held* sufficiently established to warrant denial of registration.

Appeal from the Commissioner of Patents.

Proceeding by the My Own Company for registration of trade-mark, opposed by the Janszen Grocery Company. From a decision of the Commissioner of Patents, sustaining opposition, applicant appeals. Affirmed.

W. F. Murray, of Cincinnati, Ohio, for appellant.

A. E. Wallace, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This is an appeal from the decision of the Commissioner of Patents, sustaining the notice of opposition filed by appellee, the Janszen Grocery Company, to the application of appellant, My Own Company, for the registration of the trade-mark "My Own" for food products, condiments, canned fruits and vegetables, canned soups, and canned condensed and evaporated milk.

It is conceded by the opposer that the mark has been used in interstate commerce by appellant company since May 29, 1922; but the opposer offered evidence tending to establish its use of "My Own" as a trade-mark for canned goods since the year 1900. The case turns upon the sufficiency of the testimony to establish prior use by appellee company during the period named.

It is unnecessary for us to review the testimony of the witnesses on this point. It was held sufficient by the various tribunals below to conclusively establish prior use of the mark by appellee company. A careful review of the record convinces us that this conclusion is correct. To hold otherwise would require us to discredit a number of witnesses, whose testimony we think is entitled to belief. In this view of the case, we are convinced that the Commissioner was right in rejecting the registration of appellant's mark.

The decision of the Commissioner is affirmed.